IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MARIA J. TREVINO,<br><br>　　　　　　　　Defendant. | 4:14CR3094<br><br>**MEMORANDUM AND ORDER** |

　　　　The defendant has moved for an order requiring pretrial services to arrange a screening evaluation for the defendant. (Filing No. 25). Any such evaluation must be scheduled by the defendant and completed at the defendant's cost. The defendant is currently detained, has not arranged for an in-custody evaluation, and has not requested temporary release to attend an evaluation by any specific provider.

　　　　The defendant has also moved for a review of the detention order entered on August 5, 2014. (Filing No. 24). To the extent the defendant is attempting to appeal the detention order, the appeal is untimely. See NECrimR 59.2(a). To the extent the defendant is attempting to reopen the detention hearing, (NECrimR 46.2(b)), under 18 U.S.C. § 3142(f), the magistrate judge may only review a prior order of detention if "information exists that was not known to the movant at the time of the hearing and that has a material bearing" on the amelioration of the risks of nonappearance and safety. Therefore, motions for review of detention must specify the factual basis for the motion, the materiality of the facts to the issues, and that the information was not known previously.

　　　　In large part, the defendant's motion reiterates the arguments she made or could have made at the original detention hearing. The only additional argument is that she has not been seen by an obstetrician since the detention order was entered. But the defendant has been in custody for less than a month; although she was not seen by a physician, on or about August 7, 2014, while in custody, she was examined and released from the hospital after complaining of pregnancy-related symptoms; and she is not due to deliver until November 13, 2014. Other than

the defendant's subjective concerns, there is no factual showing of record that an obstetrics appointment is needed at this time. Therefore, based on the current record, defendant's motion for review of her detention order, (Filing No. 24), is denied.

Defendant has moved to continue the pretrial motion deadline, (Filing No. 26), because the defendant and defense counsel need additional time to fully review the discovery received before deciding if pretrial motions should be filed. The motion to continue is unopposed. Based on the showing set forth in the motion, the court finds the motion should be granted.

Accordingly,

IT IS ORDERED:

1) Defendant's motion for an order requiring pretrial services to arrange a screening evaluation for the defendant, (Filing No. 25), is denied.

2) Defendant's motion for a review of the detention order entered on August 5, 2014, (Filing No. 24), is denied.

3) Defendant's motion to continue the pretrial motion deadline, (Filing No. 26), is granted as follows:

   a. Pretrial motions and briefs shall be filed on or before September 18, 2014.

   b. Trial of this case remains scheduled to commence on September 22, 2014.

   c. The ends of justice served by granting the motion to continue outweigh the interests of the public and the defendant in a speedy trial, and the additional time arising as a result of the granting of the motion, the time between today's date and September 18, 2014, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because despite counsel's due diligence, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B).

August 28, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge