IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>MARIA J. TREVINO,<br><br>                 Defendant. | 4:14-CR-3094<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report (PSR) in this case. The defendant has objected to the PSR and requested that the Court order a presentence medical examination. Filings 67 and 69.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the PSR and asked the Court to order a presentence medical examination. She first objects to the probation officer's determination that her 2000 conviction for possession of marijuana falls within the 10-year look-back period of U.S.S.G. § 4A1.2(e)(2), and should therefore be counted for purposes of calculating her criminal history score. *See* PSR ¶¶ 64, 70, 72, 125. The 10-year period runs from the date the prior sentence was imposed to commencement of the instant offense. U.S.S.G. § 4A1.2(e)(2). And conduct is considered part of the instance offense if it is considered "relevant conduct" under U.S.S.G. § 1B1.3. *See* U.S.S.G. § 4A1.2 cmt. n.1.

The prior sentence was imposed on November 29, 2000. PSR ¶ 64. The defendant does not dispute that the instant offense commenced at some point in 2010. She has pleaded guilty to an indictment charging her with conspiring to distribute methamphetamine from between on or about January 1, 2010 until July 21, 2014. Filing 1. But the defendant argues that the government cannot prove she had actually commenced the instant offense within the 10-year period, that is, by November 29, 2010.

According to the PSR, one of the defendant's co-conspirators, Troy West, would testify that he received methamphetamine from the defendant on 10 occasions from "mid to late 2010" through March 2011. PSR ¶ 19. But, according to the defendant, West was not released from prison until October 2010, and thus "[w]hile the relevant conduct probably commenced in 2010, all of the information in the [PSR] indicates that commencement was not until the end of 2010." Filing 67 at 2.

The Court understands the defendant to be objecting to the factual basis underlying the probation officer's determination that the instant offense had commenced by November 29, 2010. As such, the government must come forward with evidence at the sentencing hearing to prove the existence of the disputed facts. *See United States*

*v. Mann*, 701 F.3d 274, 310 (8th Cir. 2012). The Court will resolve this objection at sentencing.

The defendant next objects to the statement in the PSR that her overall health is currently good. PSR ¶ 89. She points to the fact that in November 2014, she gave birth to a child, and that her physical condition has since deteriorated. The defendant has also experienced complications in prior pregnancies and deliveries. PSR ¶ 89. Related to this objection, the defendant states that she intends to move for a downward departure based on her medical condition, and asks the Court to order a presentence medical investigation, pursuant to 18 U.S.C. § 3552(b).

The Court will not order a medical investigation at this time. The probation officer has informed the Court that the defendant has already been scheduled for a full health screening and physical examination, per Bureau of Prisons protocol. The probation officer has also stated she will inform the Court of any pertinent medical issues that arise, or if she feels further medical examination is warranted. Sentencing has been continued for an additional month, which should allow the defendant time, if she chooses, to supplement the record in support of a possible motion for departure. The Court will address that motion (and the associated objection) at sentencing. For the time being, defendant's motion for a medical examination (filing 69) is denied.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 19th day of December, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

- 4 -